IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30363
Summary Calendar
_____

MARGARET ANN MYERS,

                                        Plaintiff-Appellant,

versus

CITY OF WEST MONROE; ET AL.,

                                        Defendants,

ERNEST MCHENRY,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-1181
- - - - - - - - - -

August 23, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Margaret Ann Myers appeals from a judgment in favor of Officer Ernest McHenry, dismissing her claims that Officer McHenry violated her constitutional rights by allegedly searching her car and jacket during a traffic stop.  Myers argues that the jury instruction regarding the plain view doctrine was erroneous.  Specifically, she challenges the inclusion of the following sentence in the jury charge: "If an article is in plain view, its observation involves no invasion of privacy and there is no search."  Myers maintains that the disputed instruction constrained the jury to conclude that

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Officer McHenry's conduct, which allegedly consisted of going through Myers' jacket pockets as the jacket lay upon the trunk of her car and looking inside her car, could not constitute an unreasonable search if the jacket and car were in plain view.

We find no merit in Myers' argument because it is an undisputed proposition that the mere observation of an item in plain view does not constitute a search. The trial court's instruction on plain view did not constrain the jury in any way beyond informing them that the observation of an article in plain view did not constitute a search. See Horton v. California, 496 U.S. 128 (1990) (identifying several conditions that must be satisfied before a plain view seizure (or additional search) of an object is upheld). The language of the instruction is taken from the Supreme Court's decision in Horton, which provides the following: "If an article is already in plain view, neither its observation nor its seizure would involve any invasion of privacy." Horton, 496 U.S. at 133. This instruction was helpful, not confusing. The question put to the jury was whether the officer searched Myers' car and jacket. The officer said he did not do so. Myers says he did. The trial court left this factual dispute for the jury by its interrogatory with the instruction that observation of an article in plain view is not a search.

Accordingly, the judgment of the district court is AFFIRMED. The City of West Monroe's request for attorneys' fees is DENIED.